IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | Criminal Action No. |
| vs. § | 3:21-CR-277-S |
| § | |
| JESSIDY ROSALES § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By electronic order of reference dated May 16, 2022 (doc. 18), before the Court are the *Petition for Person Under Supervision*, filed May 6, 2022 (doc. 5), *Addendum to Petition for Person Under Supervision*, filed May 10, 2022 (doc. 7), and *Second Addendum to Petition for Person Under Supervision*, filed May 25, 2022 (doc.22). The defendant appeared in person and through counsel for a final revocation hearing on June 21, 2022. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and she should be sentenced to an additional term of imprisonment of **FOUR** months, with no additional term of supervised release to follow.

### I. BACKGROUND

After initially being charged by complaint, Jessidy Rosales (Defendant) was charged in a two-count indictment filed in the Western District of Arkansas, Fayetteville Division, on March 5, 2018, with conspiracy to distribute methamphetamine (Count One) with possession with intent to distribute 50 grams or more of methamphetamine (Count Two). (*See* doc. 2 at 2, 6-7.)[1] She pleaded guilty to Count Two, and by judgment entered on October 5, 2018, she was sentenced to 40 months of imprisonment, to be followed by a two-year term of supervised release. (*See id.* at 8-10.) She began

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

her term of supervised release on December 23, 2020, and jurisdiction was transferred to the Northern District of Texas by order dated June 10, 2021.  (*See* doc. 1.)

## A.     Alleged Violations

On May 6, 2022, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (Petition) alleging the following violations:

*1.     Mandatory Condition Nos. 2 and 3; Special Condition*

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**
You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Special Condition**
The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment.

**Nature of Noncompliance**
Ms. Jessidy Rosales violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance, in or about April 2021. On April 2, 2021, Ms. Rosales submitted a urine specimen at Homeward Bound, Incorporated (HBI), a contract vendor, in Dallas, Texas, which tested positive for cocaine.  Furthermore, on April 13, 2021, Ms. Rosales admitted, verbally, to USPO Masga to ingesting cocaine on or about April 1, 2021.

Ms. Rosales violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance, in or about November 2021. On November 22, 2021, Ms. Rosales submitted a urine specimen at HBI, which tested positive for cocaine.  Subsequently, on December 6, 2021, Ms. Rosales denied use of illegal substances; however, on December 10, 2021, Alere Toxicology Services, Incorporated (ATSI), a contract vendor, in Gretna, Louisiana, confirmed the urine specimen positive for cocaine.

Ms. Rosales violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about December 2021. On December 7, 2021, Ms. Rosales submitted a urine specimen at HBI, which tested positive for amphetamines.  Furthermore, on January 5, 2022, Ms. Rosales admitted, verbally, to USPO Masga to ingesting methamphetamine on December 6, 2021, and December 12, 2021.

Ms. Rosales violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about December 2021. On December 17, 2021, Ms. Rosales submitted a urine specimen at HBI, which tested positive for amphetamines. Furthermore, on January 5, 2022, Ms. Rosales admitted, verbally, to USPO Masga to ingesting methamphetamine on December 6, 2021, and December 12, 2021.

Ms. Rosales violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about March 2022. On March 18, 2022, Ms. Rosales submitted a urine specimen at HBI, which tested positive for amphetamines. Subsequently, on March 30, 2022, Ms. Rosales denied the use of illicit substances; however, on April 9, 2022, ATSI confirmed the urine specimen positive for methamphetamine.

Ms. Rosales violated these conditions of supervised release by using and possessing Adderall, a controlled substance not prescribed to her by a physician, in or about April 2022. On April 28, 2022, Ms. Rosales admitted to USPO Masga to ingesting Adderall on or about April 18, 2022.

*2. Special Condition No. 1*

**Violation of Special Condition No. 1**
The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as may be deemed necessary and as directed by the U.S. Probation Office.

**Nature of Noncompliance**
Ms. Rosales violated this condition of supervised release by failing to attend her scheduled outpatient treatment groups and/or individual sessions at HBl as instructed on February 5, 2021; February 12, 2021; February 19, 2021; July 14, 2021; July 21, 2021; February 1, 2022; February 3, 2022; February 7, 2022; February 8, 2022; February 10, 2022; February 14, 2022; February 15; 2022; March 14, 2022; March 17, 2022; April 4, 2022; April 5, 2022; April 11, 2022; April 12, 2022; April 14, 2022; April 18, 2022; April 19, 2022; and April 21, 2022.

Ms. Rosales violated this condition of supervised release by failing to submit urine specimens at HBI as instructed on July 15, 2021; December 6, 2021; December 16, 2021; December 29, 2021; January 27, 2022; February 9, 2022; February 25, 2022; March 17, 2022; March 22, 2022; April 6, 2022; April 13, 2022; and April 18, 2022.

*3. Special Condition No. 2*

**Violation of Special Condition No. 2**
The defendant shall submit to inpatient or outpatient mental health testing, evaluation, counseling, and/or treatment, as may be deemed necessary and as directed by the U.S. Probation Office.

**Nature of Noncompliance**
Ms. Rosales violated this condition of supervised release by failing to attend her scheduled outpatient individual sessions at Centro De Mi Salud, a contract vendor, in Dallas, Texas, as instructed on November 4, 2021; November 16, 2021; November 30, 2021; January 13, 2022; February 10, 2022; and March 18, 2022.

(*See* doc. 5.) On May 6, 2022, a warrant for Defendant's arrest was issued. (*See* doc. 6.)

On May 10, 2022, the USPO submitted an addendum (Addendum) to the Petition alleging the following violations:

**Violation of Mandatory Condition No. 2**
You must not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**
You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Special Condition**
The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment.

**Nature of Noncompliance**
Ms. Jessidy Rosales violated these conditions of supervised release by using and possessing cocaine, an illegal controlled substance, in or about April 2021. On April 7, 2021, Ms. Rosales submitted a urine specimen at Homeward Bound, Incorporated (HBI), a contract vendor, in Dallas, Texas, which tested positive for amphetamines. Furthermore, on May 9, 2022, Alere Toxicology Services, Incorporated (ATSI), a contract vendor, in Gretna, Louisiana, confirmed the urine specimen positive for methamphetamine.

(*See* doc. 7.)

Defendant was arrested and made her initial appearance in this district on May 13, 2022. (*See* doc. 14.) On that date, she waived her rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, and was ordered detained pending a revocation hearing. (*See* docs. 11, 16, 17.)

On May 25, 2022, the USPO submitted a second addendum (Second Addendum) to the Petition alleging the following violations:

**Violation of Mandatory Condition No. 1**
The defendant shall not commit another federal, state or local crime.

**Nature of Noncompliance**
Ms. Jessidy Rosales violated these conditions of supervised release by committing the offense of Falsification of Drug Test Results, in violation of Texas Health and Safety Code § 481.133, a Class B misdemeanor, against the peace and dignity of the State of Texas. On April 19, 2022, Ms. Rosales submitted a urine specimen at Homeward Bound, Incorporated, a contract vendor, in Dallas, Texas, which presumptively tested positive for amphetamines. According to Alere Toxicology Services, Incorporated (ATSI), a contract vendor, in Gretna, Louisiana, the drug test results are inconclusive as the urine specimen was substituted, no consistent with normal human urine-creatine.

(*See* doc. 22.) On June 14, 2022, Defendant filed her *Notice of Intent Regarding Revocation Hearings*, in which she gave notice of her intent to plead true to the violations alleged in the Petition and Addendum, and not true to the violation alleged in the Second Addendum. (*See* doc. 23.)

**B.    Revocation Hearing**

After consulting with counsel, Defendant appeared for a final revocation hearing on June 21, 2022. After her competence was established, Defendant testified under oath that she understood the violations alleged in the Petition, Addendum, and Second Addendum, and the range of punishment for those violations. She understood that she had the right to plead not true and have a hearing concerning whether she committed those violations. She understood that revocation was mandatory. Despite her understanding, Defendant knowingly and voluntarily consented to enter a plea of true to the violations alleged in the Petition and Addendum before a United States Magistrate Judge. She sought to be heard, however, on the violation in the Second Addendum and the issue of the appropriate sentence, to the extent that the government wished to pursue the violation. The attorney for the government indicated on the record that it was not seeking to go forward on the violation alleged in the Second Addendum.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that she be sentenced to an additional term of imprisonment of **FOUR** months with no additional term of supervised release. Defendant was advised of her right to appear and speak, and to have her counsel appear and speak, before the assigned district judge prior to sentence being imposed. At that time, Defendant elected to waive her right to appear before the district judge and accept the recommended sentence, and she executed a written waiver.

## II. ANALYSIS

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     ***
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     ***
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of

       defendant as set forth in the guidelines--
            (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
            (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
       (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
       (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
       (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on her knowing and voluntary plea of true to the violations in the Petition and Addendum, the Court finds that Defendant has violated mandatory conditions Nos. 2 and 3, special

---

[2] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

conditions Nos. 1 and 2, and the special condition alleged in the Petition. Because she violated her conditions of supervised release by possessing a controlled substance, refusing to comply with drug testing, and testing positive for illegal controlled substances more than three times over the course of one year, revocation of her supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is five years. (*See* doc. 5 at 5, citing 18 U.S.C. § 3583(e)(3).) Based upon a violation grade of C and a criminal history category of I, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 3 to 9 months. (*Id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by state for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*Id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to five years, minus any revocation sentence. (*See* docs. 5, 7.)

After considering the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **FOUR** months, with no additional term of supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. Although she argued for a sentence of three months in her notice of intention to plead true, this sentence is not warranted under the facts of this case to address Defendant's non-compliance. According to the Petition, after testing positive for illegal controlled substances more than three times over the course of one year, Defendant was granted an exception to mandatory

8

revocation to allow her the opportunity to participate in treatment to address her substance abuse. (*See* doc. 5 at 1.) After successfully completing outpatient treatment, she continued test positive for illicit substances. (*See id.* at 4.) She declined the opportunity to participate in residential treatment, but her treatment plan with HBI was amended to include intensive outpatient treatment. She subsequently tested positive for methamphetamine and was again given the opportunity to participate in residential treatment, and she again declined. Defendant has not been able to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence with no additional term of supervised release to follow, will afford adequate deterrence to and protect the public from further crimes.

### III. RECOMMENDATION

Defendant's plea of true to the violations in the Petition and Addendum should be accepted, her term of supervised release should be **REVOKED**, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FOUR (4) MONTHS**, with no additional term of supervised release to follow. The defendant should receive credit for time served. The Court should also recommend that Defendant be housed in the Bureau of Prisons's Federal Medical Center Carswell, if appropriate.

**SO RECOMMENDED** on this 21st day of June, 2022.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE